# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1555

_____

United States of America,

*Plaintiff - Appellee,*

v.

Patrick Wigley,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: November 14, 2016
Filed: June 5, 2017
[Unpublished]

_____

Before COLLOTON, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Patrick Wigley and an associate robbed a credit union in Kearney, Nebraska. Wigley pleaded guilty to bank robbery pursuant to a plea agreement. The district

court[1] adopted the recommendation of a magistrate judge to accept the plea, and the court then sentenced Wigley to 212 months' imprisonment. Wigley appeals the sentence, arguing that the court should have departed or varied downward from the advisory guideline range.

The government contends that Wigley waived his right to appeal the sentence, and we agree. The plea agreement stated that Wigley "knowingly and expressly waives any and all rights to appeal [his] conviction and sentence, . . . including review pursuant to 18 U.S.C. § 3742 of any sentence imposed," except for a claim of ineffective assistance of counsel. At Wigley's change-of-plea hearing, the magistrate judge reviewed the appeal waiver, and Wigley acknowledged that he was giving up his right to appeal the forthcoming sentence. Wigley also testified that his counsel explained the plea agreement to him and that he was not under the influence of drugs or alcohol when he signed it. He further averred that he had not been threatened to plead guilty and had not received any promises in exchange for his plea.

We will generally enforce a defendant's waiver if "the appeal falls within the scope of the waiver" and "both the waiver and plea agreement were entered into knowingly and voluntarily." *United States v. Andis*, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc). The record described above shows that the government has established these prerequisites. Our cases say that we will not enforce a waiver that would result in a "miscarriage of justice," such as an "illegal sentence." *Andis*, 333 F.3d at 891-92. But the illegal sentence exception to an appeal waiver is "extremely narrow" and does not apply to a sentence like Wigley's that is within the statutory range. *Id.* at 892. We therefore conclude that Wigley waived his right to bring this appeal, and the appeal is dismissed.

_____

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendation of the Honorable Cheryl R. Zwart, United States Magistrate Judge for the District of Nebraska.